FILED
MAY 11 2015
Clerk, U.S. District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 14-81-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| SCOTT JAMES NICHOLS, | |
| Defendant. | |

Before this Court is Defendant Scott James Nichols ("Nichols") Motion to Dismiss Counts 2 and 4 of the Superseding Indictment. (Doc. 25). Nichols has been indicted for sexual exploitation of children (Counts 1 and 3), attempted sexual exploitation of children (Counts 2 and 4), distribution of child pornography (Counts 5-20) and possession of child pornography (Counts 21-23). (Doc. 10). Nichols argues Counts 2 and 4 of the indictment fail to allege a violation of federal criminal law. For the reasons explained below, the motion is denied.

## I. Legal Standard

When considering pre-trial motions to dismiss an indictment for failure to state an offense, the court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citing *United States v. Jensen*,

1

93 F.3d 667, 669 (9th Cir. 1996). The court must also accept the truth of the allegations in the indictment when determining whether a cognizable offense has been charged. *Id.* An evidentiary hearing is not required because "[t]he indictment either states an offense or it doesn't." *Id.*

## II. Discussion

To convict Nichols of attempted production and production of child pornography under 18 U.S.C. § 2251(a), the government is required to prove that "(1) the victim was less than 18 years old; (2) the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (3) the visual depiction was produced using materials that had been transported in interstate or foreign commerce." *United States v. Broxmeyer*, 616 F.3d 120, 124 (2d Cir. 2010) (internal quotation marks omitted). Additionally, because 18 U.S.C. § 2251(a) also prohibits the attempted production of child pornography, *see* 18 U.S.C. § 2251(e); *United States v. Lee*, 603 F.3d 904, 913 (11th Cir. 2010), the government may sustain its burden if the evidence is sufficient to prove that Nichols attempted to produce child pornography.

In his pretrial motion, Nichols argues that an attempted violation of 18 U.S.C. § 2251(a) does not qualify as an offense under the law. (Doc. 11-12).

Specifically, Nichols argues that when a defendant is charged with attempting to entice or persuade a minor to take part in sexually explicit conduct in order to produce a visual depiction of that conduct, "one cannot assume that the defendant's attempted enticement of the person would "unequivocally demonstrate" that the picture will be a visual depiction of sexually explicit conduct and will be produced after the defendant's attempted enticement." (Doc. 30 at 5-6). In other words, Nichols argues that the attempt charge in the indictment is sufficiently vague that it encompasses conduct that may not be criminal. For example, Nichols argues that if a defendant attempted to get a minor to send him a picture, it is not apparent that any offense conduct exists because the child may send the defendant a picture of herself playing soccer, instead of having sex.

Nichols' argument requires the Court to read the statute piecemeal and to ignore § 2251's scienter requirement. Counts 2 and 4 specifically charge Nichols with knowingly attempting to entice, use, persuade, induce and coerce a minor to engage in sexually explicit conduct to obtain a visual depiction of that conduct. (Doc. 10 at 2-3). As charged, the scienter requirement prevents the arbitrary application of the statute about which Nichols complains by applying only to those who "knowingly" engage in the *prohibited conduct. See United States v. Gagiardi*, 506 F.3d 140 at 147 (2d Cir. 2007) (discussing attempted violation of child

prostitution statute 18 U.S.C. § 2422(b) and holding that the statute's scienter requirement sufficiently narrows the scope of its application) (emphasis added). So, going back to Nichols' soccer example, if a defendant simply attempted to entice a minor to send him a picture and he received a soccer picture, no offense conduct would be triggered. Section § 2251's scienter requirement sufficiently weeds out innocuous conduct. A defendant must attempt to get a minor to engage in prohibited conduct – here, sexually explicit conduct – which he intends the picture to reflect. In other words, the indictment contemplates that the Government will prove that the defendant was trying to get the child to complete sex acts for photographs or videos, not just to get the minor to send him general photographs.

This distinction was recognized by the Sixth Circuit in *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000). There, while discussing 18 U.S.C. § 2422(b), the Court noted that there is a separation between the intent to persuade and the follow-up intent to perform the act after persuasion and recognized that Congress made a clear choice to criminalize persuasion and the attempt to persuade. *Id.* (accord *United States v. Goetzke*, 494 F.3d 117, 1178 (9th Cir. 2007)).

The Court finds the Sixth Circuit's reasoning persuasive here. The offense charged in the indictment is that Nichols attempted to persuade or entice a minor to engage in sexual activity so it could be photographed or videotaped. Whether the Government can prove Nichols' intent at trial is another question entirely, but on its face, the indictment is sufficient.

## III. Conclusion

Nichols motion to dismiss (doc. 25) is DENIED.

DATED this 11th day of May, 2015.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Court Judge

5